IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SCOTT CAMPBELL,<br><br>Defendant. | Case No. 24-CR-00210-SEH |

**OPINION AND ORDER**

Before the Court is Defendant Joseph Campbell's sealed second motion to suppress.[1] [ECF No. 51]. For the reasons provided below, the motion is denied.

**I. Background Facts**

In March 2024, Cherokee Nation Marshal Service ("CNMS") Investigators interviewed Campbell about an alleged sexual assault of a minor victim. After Campbell confessed to engaging in sexual acts with the minor, the CNMS investigators used those statements, in combination with the victim's disclosures, to obtain a Delaware County search warrant to search Campbell's trailer. [ECF Nos. 51-1, 51-2]. The affidavit supporting the

---

[1] Although Campbell filed his motion under seal, this Opinion and Order will be filed publicly, because the strong presumption for open records outweighs the risk that information in this Order will violate the minor victim's privacy interests.

warrant contained Campbell's statements and showed that a teenaged minor victim disclosed to law enforcement that she had "sexual relations" with 54-year-old Campbell at his travel trailer in the Jay area of Delaware County. [ECF No. 51-1 at 2]. It further detailed that the minor was taken to a hospital where a Sexual Assault Nurse Exam (SANE) was performed. [*Id*.]. The affidavit also provided a photo of Campbell's travel trailer and a statement by the affiant "that the residence to be searched was positively identified by firsthand knowledge from Law Enforcement . . . ." [*Id*. at 1, 3]. The affidavit sought authorization to search Campbell's travel trailer for evidence of violations of an Oklahoma statute prohibiting lewd acts to a minor child. [*Id*. at 2]. Some of the evidence the warrant sought included photographs, the victim's personal belongings, evidence related to sexual assault, such as condoms and condom wrappers, and the suspect's bedding. [ECF No. 51-2 at 2].

In July 2024, a federal grand jury charged Campbell with one count of sexual abuse of a minor in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, and 2243(a). [ECF No. 2]. Following an evidentiary hearing, I granted Campbell's motion to suppress his confession to the CNMS investigators. [ECF No. 45]. He now moves to suppress evidence found in his travel trailer, arguing that the warrant was not supported by probable cause absent his suppressed statements. [ECF No. 51]. Campbell claims that the minor's

allegations of sexual abuse alone are not enough to support probable cause and the circumstances surrounding her disclosure show that a reasonable person would not have believed her. [*Id.* at 4–5]. He further claims that no information besides the SANE exam being performed attempts to corroborate the allegations. [*Id.* at 4]. Campbell requests an evidentiary hearing on his motion. [*Id.* at 5].

The government responds that the affidavit provided sufficient evidence to create a fair probability that searching Campbell's travel trailer could produce evidence of sexual acts toward a minor, even without Campbell's confession. [ECF No. 54 at 3–6]. The government argues that the minor's disclosure that she engaged in sexual acts with a 54-year-old man and was taken to a hospital for a SANE exam provided sufficient evidence in the affidavit to show that a crime may have occurred. [*Id.* at 3–4]. It further asserts that the affidavit provides a sufficient nexus between the potential crime and the place to the place to be searched, because the minor disclosed that the sexual acts took place at Campbell's travel trailer in Jay. [*Id.* at 4]. Last, the government argues that Campbell's assertion about the circumstances surrounding the minor's disclosure is irrelevant to determine whether the warrant was supported by probable cause without Campbell's statements, because this Court need only review information within the four corners of the affidavit. [*Id.* at 5].

## II. Analysis

### *A. An evidentiary hearing is unnecessary.*

Although I frequently set motions to suppress for evidentiary hearing, a hearing is not always required. "[A]n evidentiary hearing is only required when the motion to suppress raises factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." *United States v. Glass*, 128 F.3d 1398, 1408–09 (10th Cir. 1997) (cleaned up). Here, Campbell argues that the search warrant was facially invalid because the Delaware County district court judge could not have found sufficient evidence in the affidavit to establish probable cause without his suppressed statements. [ECF No. 51]. A court "review[ing] the sufficiency of the affidavit upon which a warrant is issued" is tasked with "simply ensuring 'that the [issuing judge] had a substantial basis for concluding that probable cause existed.'" *United States v. Tisdale*, 248 F.3d 964, 970 (10th Cir. 2001) (quoting *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983)). Therefore, the Court's review is limited to the statements within the four corners of the affidavit and information provided to the issuing judge under oath. *See United States v. Knox*, 883 F.3d 1262, 1272 (10th Cir. 2018) (a suppression court's assessment is limited to considering only statements within the four corners of the affidavit and information actually disclosed to the judge who issued the

warrant); *see also United States v. Beck*, 139 F. App'x 950, 954 (10th Cir. 2005) ("where the police do not present oral testimony to the reviewing magistrate, the [district] court must ascertain the existence of probable cause to support a warrant exclusively from the affidavit's four corners."). Because there are no disputed facts that need to be resolved by considering evidence outside the affidavit, an evidentiary hearing on Campbell's motion is unnecessary.

### B. *The search warrant affidavit contains sufficient evidence to establish probable cause without Campbell's suppressed statements.*

The Fourth Amendment provides that "no [w]arrant[] shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. If a search violates the Fourth Amendment, the exclusionary rule typically requires that the evidence obtained from the search be suppressed. *Nix v. Williams*, 467 U.S. 431, 440–42 (1984).

"An affidavit supports probable cause for a search warrant if the totality of the information it contains establishes the fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Moses*, 965 F.3d 1106, 1113 (10th Cir. 2020) (citation and internal quotation marks omitted). "A 'fair probability,' is not an airtight guarantee; nor is it 'proof that something is more likely true than false.'" *United States v.*

5

*Jenkins*, 819 F. App'x 651, 658 (10th Cir. 2020) (quoting *United States v. Denson*, 775 F.3d 1214, 1217 (10th Cir. 2014)). "'Rather, a 'fair probability,' if placed on a hierarchy, ranks somewhere between a naked suspicion and a preponderance of the evidence.'" *Id.* (citing *Denson*, 775 F.3d at 1217).

Probable cause "require[s] a nexus between suspected criminal activity and the place to be searched." *United States v. Biglow*, 562 F.3d 1272, 1278 (10th Cir. 2009) (citation omitted). In determining whether a nexus exists, the Court may consider "(1) the type of crime at issue, (2) the extent of a suspect's opportunity for concealment, (3) the nature of the evidence sought, and (4) all reasonable inferences as to where a criminal would likely keep such evidence." *Id.* at 1279. "Whether a sufficient nexus has been established between a defendant's suspected criminal activity and his residence thus necessarily depends upon the facts of each case." *Id.* (citation omitted). A sufficient nexus exists where "an affidavit describes circumstances which would warrant a person of reasonable caution" to believe "that the articles sought are at a particular place." *Id.* (citations and internal quotation marks omitted).

The task of the issuing judge is to make a practical, common-sense decision about "whether the facts and circumstances within the officer's knowledge based on reasonably trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense has [been]

6

or is being committed." *United States v. Armendariz*, 922 F.2d 602, 607–08 (10th Cir. 1990). "An affidavit containing erroneous or unconstitutionally obtained information invalidates a warrant if that information was critical to establishing probable cause. If, however, the affidavit contained sufficient accurate or untainted evidence, the warrant is nevertheless valid." *United States v. Sims*, 428 F.3d 945, 954 (10th Cir. 2005) (citations and internal quotation marks omitted).

Here, the affidavit in support of the search warrant contained sufficient information without Campbell's statements to establish probable cause. Absent Campbell's statements, the affidavit described the minor victim's disclosure to a female Cherokee Nation Marshal that she had "sexual relations" with 54-year-old Campbell "at his travel trailer in the Jay area of Delaware County." [ECF No. 51-1 at 2]. The affidavit contains a picture of a travel trailer as the place to be searched and provides that law enforcement "positively identified by firsthand knowledge" the residence. [*Id.* at 1, 3]. This is sufficient to establish probable cause. *See Barham v. Town of Greybull Wyoming*, 483 F. App'x 506, 507–08 (10th Cir. 2012) (officers had probable cause to arrest suspect and search his home after a minor gave specific details about alleged sexual assaults, including some that allegedly occurred at suspect's home, and the officer who prepared the affidavit knew from personal observation that the minor's depiction of the suspect's home was

7

accurate); *Easton v. City of Boulder*, 776 F.2d 1441, 1449–50 (10th Cir. 1985) (detectives had probable cause to seek arrest warrant based upon child's relation of alleged incidents, child's identification of the suspect and suspect's apartment, and child's playmate's relation of incident and identification of the suspect's apartment); *but see Cortez v. McCauley*, 478 F.3d 1108, 1121 (10th Cir. 2007) ("double-hearsay statement of a nurse, based on information allegedly provided by a two-year-old child and reported in a telephone call, does not establish probable cause" without more information).

Although Campbell argues that the affidavit fails to show corroborating evidence of the minor victim's disclosure, the requirement for corroborating information is lower when a victim directly discloses sexual abuse. *Easton*, 776 F.2d at 1449 ("In a great many child molestation cases, the only available evidence that a crime has been committed is the testimony of children. To discount such testimony from the outset would only serve to discourage children and parents from reporting molestation incidents and to unjustly insulate the perpetrator of such crimes from prosecution."). Here, the minor victim is a teenager capable of providing details about the alleged abuse, and specifically identified a "travel trailer," as opposed to a mobile home, house, apartment, or hotel. Finally, the affidavit provides that the minor disclosed to a "female Deputy Marshal" that she had "sexual relations" with Campbell and was taken to a hospital where a SANE exam was performed. [ECF No.

51-1 at 2]. A practical, common-sense reading of that information would lead to the inference that the deputy who took the minor victim's statement found it trustworthy enough to have the minor taken to a hospital for a SANE exam. Therefore, even without Campbell's confession, it would have been reasonable for the issuing judge to believe that a fair probability existed that a crime had been committed.

The minor's disclosures further provide sufficient information to establish a nexus between the potential crime and the place to be searched. As detailed above, the minor disclosed that the "sexual relations" she had with Campbell occurred in his travel trailer. [ECF No. 51-1 at 2]. The affidavit sought authorization to search Campbell's travel trailer for evidence of violations of an Oklahoma statute prohibiting lewd acts to a minor child and listed examples of the type of evidence sought by the warrant, which included possible evidence of a sex crime. [*Id.*]. Therefore, the affidavit "describes circumstances which would warrant a person of reasonable caution" to believe "that the articles sought are at a particular place." *Biglow*, 562 F.3d at 1278.

The Court finds the totality of the information contained in the affidavit without Campbell's confession established a "fair probability that contraband or evidence of a crime would be found in a particular place." *Moses*, 965 F.3d at 1113. Because the affidavit contained "sufficient accurate ... evidence" to

9

support probable cause even without the information from Campbell's statements, the warrant was valid, and Campbell's motion to suppress should be denied. *Sims*, 428 F.3d at 954.

### III. Conclusion

For the reasons stated above, the Court finds that the search warrant affidavit contains sufficient evidence to establish probable cause even without Campbell's suppressed statements. Therefore, the warrant was supported by probable cause and the evidence recovered from Campbell's trailer will not be suppressed.

IT IS THEREFORE ORDERED that Defendant's second motion to suppress [ECF No. 51] is DENIED.

DATED this 4th day of February, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE