IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-00210-SEH |
| JOSEPH SCOTT CAMPBELL, | |
| Defendant. | |

**OPINION AND ORDER**

Before the Court are Defendant Joseph Campbell's Objection to Expert Notices [ECF No. 50] and Plaintiff's Opposed Motion to File Amended Expert Notice Out of Time [ECF No. 53]. For the reasons provided below, Defendant's objection is overruled, in part, and moot, in part, and Plaintiff's motion is granted.

**I. Procedural History**

On July 1, 2024, a federal grand jury charged Campbell with one count of sexual abuse of a minor in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, and 2243(a). [ECF No. 2]. In October, the government gave notice that it intended to present expert testimony from Vickie Love and Ashley Gonzales. [ECF No. 29]. Although the filing identified exhibits as summaries of expert opinions, curriculum vitae, and prior expert testimony, attached

were only articles from the American Academy of Pediatrics. [ECF No. 29-1, 29-2, 29-3, 29-4, 29-5]. The same day, the government provided notice that it intended to present testimony from Michael Baxter but labeled the filing as "EXHIBITS" to its previous notice. [ECF No. 30]. The filing consisted of a letter to defense counsel explaining that the government intended to introduce testimony from Baxter, gave summaries of his opinions and their bases, provided his curriculum vitae, a list of his publications and expert testimony, and contained his signature. [ECF Nos. 30-1, 30-2, 30-3]. Nine days later, the government filed an "Errata/Correction" to the exhibits it filed earlier, but attached the same exhibits related to Baxter.[1] *Compare* [ECF Nos. 30-1, 30-2, 30-3] *with* [ECF Nos. 35-1, 35-2, 35-3]. In January 2025, the government gave notice that it intended to present expert testimony from Barbara Wells. [ECF No. 49]. The attachments to this notice included a letter to defense counsel explaining summaries of Wells's opinions and their bases, provided her curriculum vitae, showed that she did not have any publications

---

[1] Because the "Errata/Correction" referenced "Dkt. #30," it is not clear from the record that the government meant to correct the filing at ECF No. 29 by submitting exhibits for Love and Gonzales's expert testimony instead of the exhibits for Baxter. [ECF No. 35]. However, because the filing at ECF No. 30 references back to ECF No. 29, the Court will assume for the sake of this Opinion and Order that the government intended to submit the correct exhibits for its notice of Love and Gonzales's expert testimony but mistakenly resubmitted the same exhibits for Baxter.

but had given prior expert testimony, and contained her signature. [ECF No. 49-1, 49-2, 49-3, 49-4].

Campbell objects to the government's expert notices, arguing that they fail to comply with Federal Rule of Criminal Procedure 16. [ECF No. 50]. He asserts that the notice for Love and Gonzales "does not provide a signed statement of their opinions, the bases and reasons for them, their qualifications, or a list of prior testimony." [*Id*. at 2]. Campbell concedes that if Baxter's notice was intended to be a notice for him, as opposed to sealed exhibits for Love and Gonzales, "it is sufficient." [*Id*.]. Campbell claims that Wells's notice "falls short of the rule" because her curriculum vitae "does not describe what her job entails." [*Id*.]. Because of these alleged violations of Rule 16, Campbell requests that the Court exclude the testimony of the government's expert witnesses. [*Id*.].

In response, the government moves to file an amended expert notice for Baxter and states that it does not intend to call either Gonzales or Love as expert witnesses. [ECF. No. 53]. Attached to the government's motion is a proposed amended notice for Baxter's expert testimony, which consists of only the front page of the notice. [ECF No. 53-1]. The government explains that, upon review of Campbell's filed objection, it realized "that the wrong document was inadvertently filed," but the exhibits that accompany the anticipated expert testimony of Baxter were "correctly and timely filed." [ECF

3

No. 53 at 2]. The government argues that Campbell would not be prejudiced by the delayed filing of the amended notice.

## II. Analysis

Rule 16 of the Federal Rules of Criminal Procedure requires the government to disclose for each of its expert witnesses: (1) "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal[;]" (2) "the bases and reasons for them;" (3) "the witness's qualifications, including a list of publications authored in the previous 10 years; and" (4) "a list of all other cases" in which the witness has testified as an expert during the previous four years. Fed. R. Crim. P. 16(a)(1)(G). The Rule further requires that the Court set a time for the government to make its disclosures which is "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." *Id*.

"A party failing to comply with the requirements of Rule 16 is subject to sanction by the district court, which may order" that a party be prohibited "from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances." *United States v. Charley*, 189 F.3d 1251, 1261 (10th Cir. 1999) (citing Fed. R. Crim. P. 16(d)(2) (internal quotation marks omitted)). In determining the appropriate sanction for a Rule 16 violation, courts consider: "(1) the reason for the delay, including

4

whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the party that sought the disclosure; and (3) the feasibility of curing the prejudice with a continuance." *United States v. Banks*, 761 F.3d 1163, 1198–99 (10th Cir. 2014) (citing *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988) (internal quotation marks omitted)); *see Charley*, 189 F.3d at 1262 ("Frequently it will be found that the party who requested disclosure has not been prejudiced and that no sanction is needed.") Exclusion of expert testimony as a sanction "is almost never imposed in the absence of a constitutional violation or statutory authority for such exclusion." *Charley*, 189 F.3d at 1262 (citation and internal quotation marks omitted).

Here, Campbell does not argue that the expert disclosures violated his constitutional rights; rather, he claims that they violated Rule 16. Nevertheless, he fails to raise a claim of prejudice. Campbell correctly identifies that the government failed to comply with the notice requirements of Rule 16(a)(1)(G) for Love and Gonzales. However, because the government does not intend to call these witnesses at trial, the part of Campbell's objection seeking to exclude their expert testimony is moot.

As to Baxter and Wells, the Court finds that the government complied with the notice requirements of Rule 16(a)(1)(G). Even if it had not, Campbell

has not demonstrated that he suffered prejudice from either expert disclosure.

The government notified Campbell on October 28, 2024 that it intends to offer Baxter's expert testimony. [ECF No. 30-1]. The notice was in the form of a letter to defense counsel and described Baxter's anticipated testimony about normal anogenital examinations in sexual abuse cases. [*Id*. at 1–3]. It further provided his curriculum vitae, his publications and previous expert testimony, and his signature. [*Id*. at 4; ECF No. 30-2, 30-3]. Lacking from the notice was the first page typical in notice filings, listing the name of the proposed expert and stating that the government provides notice that it intends to introduce expert witness testimony under Federal Rules of Evidence 702, 703, and 705. However, the government's filed letter referenced the applicable rules of evidence and communicated to Campbell that it intends to present Baxter's expert testimony at trial. Campbell concedes the filing without the leading page was sufficient if meant to be a notice for Baxter's expert testimony. [ECF No. 50 at 2]. Based on Campbell's concession and the Court's finding that Baxter's notice complied with Rule 16, Campbell's objection to Baxter's expert testimony is overruled.

The government moves to amend its notice for Baxter by providing the leading page that was incorrect in its filing at ECF No. 30. [*See* ECF Nos. 53, 53-1]. The Court finds that allowing the government to correct the leading

page of Baxter's notice will not prejudice Campbell. Therefore, the government's opposed motion to file an amended expert notice out of time is granted.

The government also complied with Rule 16 when it filed its notice for Wells. Campbell asserts that Wells's notice "falls short of the rule" because her curriculum vitae "does not describe what her job entails." [ECF No. 50 at 2]. However, Wells's curriculum vitae lists her formal education, certifications, and training, and shows that she has been a "Criminalist" in various units within the Oklahoma State Bureau of Investigation for nearly 18 years. [ECF No. 49-2]. The government also provided in its notice a letter to defense counsel stating that Wells "extracted and quantitated DNA" and prepared a report based on her findings. [ECF No. 49-4 at 1–2]. Contained in the letter further is a section about Wells's "Background and Experience," stating "Ms. Wells has been a criminalist at the Oklahoma State Bureau of Investigation since April 2006. She has conducted numerous serological examinations and performed scientific analysis of physical evidence collected in criminal investigations." [*Id.* at 4]. The report Wells prepared is also included in the government's notice. [ECF No. 49-3]. Because the notice provided Campbell with a written summary describing Wells's opinions, the bases and reasons for those opinions, her qualifications, and a list of all other

7

cases she has testified in within the past four years, the Court finds that the government has complied with its obligations under Rule 16(a)(1)(G).

Under these circumstances, Campbell has failed to demonstrate that the government violated Rule 16 in its expert disclosures for Baxter and Wells which prejudiced him to a degree that warrants exclusion of their expert testimony. *See United States v. Farmer*, 215 F.3d 1338 (Table), 2000 WL 639474, at *12 (10th Cir. 2000) (unpublished) (district court did not abuse its discretion in allowing expert testimony when government failed to include a basis for one of its expert's opinions in its expert disclosure but defendant refused a continuance); *see also Charley*, 189 F.3d at 1261–62 (defense not prejudiced where government timely disclosed expert witnesses but failed to provide summaries of their expected testimony).

IT IS THEREFORE ORDERED that the defendant's objection to expert testimony [ECF No. 50] is OVERRULED, in part, and MOOT, in part, consistent with this Opinion and Order.

IT IS FURTHER ORDERED that the government's motion to file an amended notice out of time [ECF No. 53] is GRANTED.

DATED this 4th day of February, 2025.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE